CARROLL, Judge.
 This appeal from a divorce decree by a wife who was the defendant below challenges the portion of the decree which deals with the property of the parties. Following trial of this contested divorce suit, the chancellor announced that the plaintiff husband was entitled to a divorce. Entry of the decree was deferred pending arguments relating to the property, consisting of certain real estate, a mortgage and bank accounts jointly owned. Before decree the parties reached an agreement as to the property and effected a reconciliation. They so informed the chancellor who approved their agreement. The reconciliation failed. Plaintiff amended his complaint, the defendant amended her answer and the cause proceeded to further trial, and to a final decree of divorce in favor of the husband. In the decree the chancellor granted alimony, and ordered the property settlement carried into effect. That required the wife to transfer to the husband her interest in certain property. However, the chancellor modified the agreement in a manner favorable to the wife by requiring the husband to transfer to her certain property and certain monies and personal property which she would not have received or retained under the property settlement she had made. The husband has not appealed therefrom. The wife’s agreement was binding on her. See Underwood v. Underwood, Fla.1953, 64 So.2d 281; 10 Fla.Jur., Divorce, § 207. The chancellor appears to have given due consideration to the circumstances under which the agreement was made and the objects of the parties in entering into it, and the appellant has not shown wherein the chancellor’s decree as to the property was unreasonable or an abuse of discretion. § 65.15, Fla.Stat., F.S.A. affords the wife protection by permitting subsequent modification of the decree as to her support, if changed circumstances should so require.
Affirmed.